**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Y. G.L., | Case No. 1:26-cv-03157-KES-EGC (HC) |
| Petitioner, | ORDER DENYING MOTION TO DISMISS |
| v. | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE |
| CHRISTOPHER CHESTNUT, Warden of California City Immigration Detention Center, et al., | |
| Respondents. | Docs. 1, 6, 7 |

Petitioner Y. G.L. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and motion for temporary restraining order. Docs. 1, 7. The Court has previously addressed the legal issues raised by claim two of the petition. *See, e.g.*, *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO, 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025); *R.A.N.O. v. Wofford*, No. 1:25-CV-01535-KES-EPG, 2026 WL 40507 (E.D. Cal. Jan. 6, 2026); *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098 (E.D. Cal. 2025).

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 8. Respondents state that "there are no significant factual or legal issues in this case that materially distinguish it from the cases identified in the Order." Doc. 12 at 1. Respondents oppose the petition and move for dismissal,

1

but they do not raise any new arguments. *See id.* at 1–2.[1]

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Ramazan M. v. Andrews*, 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025), *R.A.N.O. v. Wofford*, 2026 WL 40507 (E.D. Cal. Jan. 6, 2026), and *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098 (E.D. Cal. 2025), the motion to dismiss is DENIED and the petition for writ of habeas corpus is GRANTED as to claim two, for the reasons addressed in those prior orders.[2]

Respondents are ORDERED to release petitioner Y. G.L. immediately.  Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that she is a flight risk or danger to the community such that her physical custody is legally justified.[3]

The Clerk of Court is directed to terminate the motion for a temporary restraining order (Doc. 7) as moot, close this case, and enter judgment for petitioner.  The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated:    June 3, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[1] Respondents also request, in the alternative, that the Court hold this case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which concerns the issue of whether § 1226(a) or § 1225(b)(2) applies to individuals who entered the country without inspection, were not apprehended by immigration authorities upon arrival, and are not subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231. *See* Doc. 12 at 2.  But here immigration officials did previously apprehend petitioner, and they released her after implicitly determining that she did not pose a flight risk or a danger.  The issue is whether the Due Process Clause requires a pre-deprivation hearing prior to her re-detention.  Given the different circumstances in this case, and the nature of the relief petitioner seeks, the Court declines to hold this case in abeyance pending the *Rodriguez* appeal.

[2] The Court declines to address petitioner's other claim as petitioner is entitled to the relief she seeks based on the Court's ruling on claim two.

[3] This Order does not address the circumstances in which respondents may detain petitioner in the event she becomes subject to an executable final order of removal.

2